UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEAN W. SANDERS,

                Plaintiff(s),

                                          Docket No.: 05 CV 6385(PKL)

    -against-

                                          **OPPOSITION TO DEFENDANTS**
                                          **MOTION TO ADMIT CRIMINAL**
                                                 **CONVICTIONS**

THE RITZ-CARLTON HOTEL COMPANY, LLC d/b/a THE
RITZ-CARLTON GOLF CLUB & SPA, JUPITER, RBF, LLC,
THE RITZ-CARLTON CLUB, THE RITZ-CARLTON
MANAGEMENT COMPANY, LLC, THE RITZ-CARLTON
DEVELOPMENT COMPANY, INC., and MARRIOT
RESORTS HOSPITALITY CORPORATION,

                Defendant(s).
------------------------------------------------------------X

## INTRODUCTION

      This memorandum of law is submitted in opposition to defendants motion to admit the plaintiff's prior (1987 & 1996) criminal convictions of the plaintiff. (hereinafter "Mr. Sanders"). It is plaintiff's position that as both convictions are in excess of 10 years old, one being 20 years ago, under Federal Rule 609.2(b), both convictions being more than 10 years old.

## STATEMENT OF FACTS

      Plaintiff commenced the instant action to recover for personal injuries he sustained as the result of slipping and falling on marble dust or film that was covering his brand new marble floors in a condo unit he owned a time share in at the Ritz Carlton in Florida. See Summons and Complaint. The action was commenced in the New York State Supreme Court and subsequently

- 1 -

removed by defendants to the United States District Court for the Southern District of New York on diversity jurisdictional grounds. See Notice of Removal.

## DISCUSSION

**I. FEDERAL RULE 609.2(b) REQUIRES THAT CONVICTIONS MORE THAN 10 YEARS OLD NOT BE ADMITTED INTO EVIDENCE UNLESS IN THE INTERESTS OF JUSTICE THE COURT DETERMINES THAT THE PROBATIVE VALUE OF THE CONVICTIONS OUTWEIGH THEIR PREJUDICIAL EFFECT.**

Plaintiff was convicted in 1987 of conspiracy to defraud the IRS. Subsequently in 1996 plaintiff was convicted of Racketeering in connection with an insurance business. This case involves a claim of a slip and fall with a severely fractured ankle. It is now 21 years since the conviction for defrauding the IRS and more than 12 years since the conviction for RICO violations. Since the 1996 conviction, plaintiff has no further convictions, no probation violations, no arrests, scarcely even a traffic violation.

It is quite clear defendant seeks to introduce the prior convictions to inflame the jury and to invite an improper inference of guilt (or lack of credibility) simply by virtue of he existence of the convictions alone. This is precisely why the Federal Courts have adopted guidelines with respect to the timing of these convictions. The fact that they are both in excess of 10 years old with one more than 20 years old, combined with the fact that there is no continuing conduct with respect to plaintiff which would give rise to a conclusion that he continues to act "in crimen falsi," should invite closer Court inspection with regard to the admissibility of said convictions.

Moreover, "Evidence of other acts is not admissible to prove that the actor had a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait. Rule 404 provides that, with certain exceptions not pertinent here, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," Fed.R.Evid. 404(a), and that "[e]vidence of other crimes,

-2-

wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," Fed.R.Evid. 404(b).

1. Rule 404(b) does, however, provide that other crimes, wrongs, or acts "may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *see also Huddleston v. United States*, 485 U.S. 681, 687-88, 108 S.Ct. 1496, 1500-01, 99 L.Ed.2d 771 (1988); *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir.1992). *But see* Fed.R.Evid. 403 (even relevant evidence may be excluded on the ground, *inter alia*, that its probative value is substantially outweighed by its potential for unfair prejudice); *United States v. Levy*, 731 F.2d 997, 1002 (2d Cir.1984)." Hynes v. Coughlin 79 F.3d 285, 290 (C.A.2 (N.Y.),1996)

Here, there will be a substantial prejudicial effect in admitting such old criminal convictions. One need look no further than defendants motion papers to understand how central the prior criminal convictions are to their case. If credibility is the single most relevant issue in this case than it seems as if defendants will rely for the most part on the fact that plaintiff has a 21 and 12 year old criminal conviction to support their position that he is not being truthful at the present time. The prejudicial effect of this evidence will thus be far in excess of its probative value especially when combined with the fact that plaintiff has done absolutely nothing in the last 12 years which evinces any bad character or propensity towards untruthfulness.

However, in the event that the Court sees fit to admit either one or both prior criminal convictions, plaintiff respectfully requests that defendant not be permitted to inquire into the underlying facts of said convictions but instead be limited to the date and disposition of said convictions without any more detailed cross examination as to their facts. See, Cambell v. Greer, 831 F2d, 700, 707-708 (2nd cir. 1987), Zinmon v. Black & Decker, 983 F2d 431 (1993). This would include precluding defendant from inquiring about any fictitious names plaintiff may

or may not have used in connection with the prior criminal convictions. It must be noted that plaintiff was never convicted, never pled guilty to using any alias or fictional names. As such, in the event the Court permits defendant to inquire, they should be limited to the following facts;

1987 Plaintiff was convicted of Conspiracy to Defraud the IRS

1996 Plaintiff was convicted of a Pattern of Racketeering, Racketering and Threats in violation of 18 U.S.C. 1962(2) and 18 U.S.C. 1963.

## CONCLUSION

WHEREFORE, plaintiff Mr. Sanders respectfully requests that the Court preclude defendant from admitting into evidence plaintiff's two prior criminal convictions both of which occurred more than 10 years ago or in the alternative limit defendant to admitting solely the name, date and disposition of said convictions, along with any other or further relief the Court deems just and proper.

Dated: New York, New York

    May 13, 2008

Respectfully submitted,

_____
Paul J. Edelstein, Esq. (PE-8219
The Edelsteins, Faegenburg & Brown, LLP
Attorneys for Plaintiff
61 Broadway, Suite 2210
New York, New York 10006
(212) 425-1999